## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | |
|---|---|
| FREDERICK LEWIS, JR. | CIVIL ACTION NO. 16-1115 |
| VERSUS | JUDGE ELIZABETH FOOTE |
| CITY OF SHREVEPORT | MAGISTRATE JUDGE HORNSBY |

### MEMORANDUM ORDER

Before the Court is Defendant City of Shreveport's Motion To Dismiss [Record Document 5]. Pro se Plaintiff Frederick Lewis ("Lewis") filed this action against the City of Shreveport ("the City"), alleging race and gender discrimination claims in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 1981, the Age Discrimination in Employment Act ("ADEA"), and Louisiana state law. Record Document 1. The City moved to dismiss Plaintiff's Title VII and ADEA claims as untimely, and his § 1981 and state law claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Record Document 5.

For the reasons discussed below, the City's Motion To Dismiss [Record Document 5] is **GRANTED IN PART** and **DENIED IN PART**. The motion is denied with respect to Plaintiff's Title VII, ADEA, and § 1981 claims. The motion is granted with respect to Plaintiff's state law breach of contract claim. Plaintiff's breach of contract claim is **dismissed with prejudice**.

### I. Background

Plaintiff, who is a "60-plus-year-old" black man, was hired by the City in 2006

and worked in the Shreveport Public Assembly & Recreation Department ("SPAR") until 2013, when he transferred to the City's Department of Community Development, where he is apparently still employed. Record Document 1, pp. 2-3. During his time at SPAR, Plaintiff worked in various positions, reporting to a Division Manager. In early 2012, Plaintiff inquired with Shelly Ragle ("Ragle"), the SPAR Department Director, about the possibility of promotion to Division Manager. Id., p. 5. Several months later, Ragle told Plaintiff that no Division Manager position was available, nor would such a position be available "in the foreseeable future." Id. She suggested a transfer to a different department for a better opportunity for promotion, and Plaintiff accepted, transferring from SPAR to the Department of Community Development. Id. A few months after Plaintiff's transfer, Ragle hired a young white woman as a Division Manager at SPAR. Id., p. 6. Plaintiff alleges that Ragle did not make the job posting public, nor did she alert Plaintiff to the opening or allow him to apply. Id. Plaintiff also alleges that he and other black employees have been systematically paid less than similarly situated white employees during his entire tenure with the City. Id., pp. 7-9.

Based on these facts, Plaintiff alleges race and gender discrimination in violation of Title VII, racially discriminatory failure to promote in violation of § 1981, age discrimination in violation of the ADEA, and breach of contract for the City's failure to enforce its anti-discrimination policy.

## II. Discussion

### A. Standard of Review

In order to survive a motion to dismiss brought under Rule 12(b)(6), a plaintiff must "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 663.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. The court must accept as true all of the factual allegations in the complaint in determining whether plaintiff has stated a plausible claim.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2009).  However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Timeliness is a valid basis for dismissal under Rule 12(b)(6). Jones v. Alcoa, Inc., 339 F.3d 359, 366 (5th Cir. 2003) ("A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like.").

### B. Title VII and ADEA Claims

Plaintiff alleges a discriminatory failure to promote because of his race and gender (under Title VII) and because of his age (under the ADEA). Record Document 1, ¶s 31, 34, 36. He also alleges racial discrimination on the basis that he and other black

employees were paid less than similarly situated white employees, in violation of Title VII. Id., ¶ 33. The City moved to dismiss Plaintiff's Title VII and ADEA failure to promote claims as untimely.[1]

Both Title VII and the ADEA require that a charge of discrimination must be filed with the EEOC within 300 days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d). Plaintiff alleges that the unlawful employment practice was the City's failure to promote him or allow him to apply for a promotion to Division Manager. Record Document 1, p. 5-6. Plaintiff transferred out of SPAR in March of 2013, and the new Division Manager was hired in "May - June 2013." Record Document 5-3, p. 4. He filed his discrimination charge on May 26, 2015. Even assuming that the time clock began to run with the hiring of the Division Manager on the last day of June, 2013 – the latest possible date, based on these facts, on which the alleged unlawful employment practice could be said to have occurred – more than 300 days elapsed before Plaintiff filed his charge of discrimination with the EEOC. Plaintiff does not dispute that his claim exceeds the 300-day requirement, but argues that equitable tolling applies to his case.

The 300-day filing requirement is not jurisdictional, but "a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982) (Title VII); Coke v. Gen.

---

[1]The City moves generally to dismiss Plaintiff's Title VII and ADEA claims, but discusses only the failure to promote claims. The City does not discuss Plaintiff's claims regarding pay discrimination in its motion. Accordingly, the Court treats the motion as addressed only to the failure to promote claims.

Adjustment Bureau, Inc., 640 F.2d 584, 595 (5th Cir. 1981) (ADEA). The Fifth Circuit

has identified three bases for equitable tolling: "(1) the pendency of a suit between the

same parties in the wrong forum; (2) the plaintiff's lack of awareness of the facts

supporting his claim because of the defendant's intentional concealment of them; and

(3) the EEOC's misleading the plaintiff about his rights." Manning v. Chevron Chem. Co.,

LLC, 332 F.3d 874, 880 (5th Cir. 2003). Plaintiff asserts that the second basis is

applicable in this case.

A plaintiff's lack of awareness of the facts of his claim is only a valid basis for

equitable tolling when "the employer's *affirmative acts* mislead the employee and

induce him not to act within the limitations period." Id. This does not require that a

plaintiff prove intentional misconduct by the employer, only that "the defendant's

conduct, innocent or not, reasonably induced the plaintiff not to file suit within the

limitations period." Tyler v. Union Oil Co. of Cal., 304 F.3d 379, 391 (5th Cir. 2002)

(quoting McGregor v. Louisiana State Univ. Bd. of Supervisors, 3 F.3d 850, 865-66 (5th

Cir. 1993)). For example, in Tyler v. Union Oil Co. of Cal., the Fifth Circuit upheld the

equitable tolling of the limitations period on an ADEA claim when the plaintiffs' employer

had required the plaintiffs to sign a waiver releasing the employer of all employment

discrimination claims, even though the employer's attorney knew that such a release

was invalid. Id. Nevertheless, the court determined that the release would suggest to a

layman that all claims under the ADEA had been released. Id. And in fact, the plaintiffs

did believe that their ADEA claims had been released until they spoke to an attorney

long after their termination. Id.

Plaintiff alleges that he specifically inquired about a position as Division Manager at SPAR and was explicitly told by Ragle that no such position was available and would not be "in the foreseeable future." Record Document 1, p. 5. A few months after this conversation, Ragle hired a young white woman as the Division Manager, without publicly posting the job or notifying Plaintiff it had become available and allowing him to apply. Id., p. 6. Plaintiff alleges that he was intentionally lied to about the availability of the Division Manager position, and did not find out that the job had been created and filled until a former coworker told him in December 2014. Id.

At this stage, the Court must accept as true all of Plaintiff's factual allegations. Plaintiff's factual allegations state a clear case that Ragle's affirmative conduct reasonably misled Plaintiff about the facts supporting his claim. Ragle affirmatively acted to conceal the availability of a job Plaintiff had specifically inquired about by telling him it did not exist and by not publicizing the job opening. It was not until Plaintiff found out about Ragle hiring a young white woman for that job that he became aware of the facts supporting possible race, gender, and age discrimination claims for a failure to promote. Plaintiff's claims were therefore equitably tolled until December 2014. He filed his EEOC charge on May 26, 2015, less than 300 days later, whatever the exact date in December that he learned the facts. Therefore, Defendant's motion to dismiss Plaintiff's Title VII and ADEA claims for failure to promote is denied. Plaintiff may proceed on these claims.

C. Section 1981

At the beginning of his complaint, Plaintiff enumerates the statutes under which his action is brought, including 42 U.S.C. § 1981. Later in the complaint, when he separates his claims into individual causes of action, however, he asserts no cause of action under § 1981. Likely out of an abundance of caution, the City nevertheless moved to dismiss Plaintiff's § 1981 claim, and Plaintiff responded that he had in fact stated a claim under § 1981. Because Plaintiff is proceeding pro se, the Court holds his complaint to less stringent standards than would be required of a formal pleading drafted by an attorney. Calhoun v. Hargrove, 312 F.3d 730, 733 (5th Cir. 2002). The Court construes the complaint to assert a claim under § 1981. Plaintiff alleges that the City violated § 1981 when it failed to promote him because of his race. The City argues that Plaintiff has "alleged no facts to support his belief that he was not promoted because of his race" and so this claim should be dismissed for failure to state a claim. Record Document 5-1, p. 6.

A plaintiff asserting failure to promote because of racial discrimination must show: (1) the employee is a member of the protected class; (2) he sought and was qualified for the position; (3) he was rejected for the position; and (4) the employer continued to seek applicants with the plaintiff's qualifications or hired a person outside of the plaintiff's protected class. McMullin v. Miss. Dep't of Pub. Safety, 782 F.3d 251, 258 (5th Cir. 2016); Williams-Boldware v. Denton Cty., 741 F.3d 635, 643 (5th Cir. 2014).

Plaintiff is a member of a protected class: he is black. He sought the position of SPAR Division Manager, and by his account was qualified for the position, having reported to a Division Manager for 7 years, first as Recreation Supervisor and then as Public Relations and Marketing Manager. Record Document 1, pp. 3-4. The City eventually hired as Division Manager a woman who was not in Plaintiff's protected class: she is white. Id., p. 6. Finally, Plaintiff's allegation is that he was rejected from even applying for the position. Id. ("Ms. Ragle refused to even allow Plaintiff the opportunity to apply for the position."). Ragle told Plaintiff that no Division Manager position was available, and that no position would be available in the foreseeable future. Id., p. 5. A few months later, Ragle hired for the Division Manager position without publicizing the position and without giving Plaintiff an opportunity to apply. Id., p. 6. Taking Plaintiff's allegations to be true, he was rejected for the position of Division Manager. It would be a strange loophole to allow an employer to prevent an employee from applying for a position and then claim that because he did not apply, he was not rejected.

For the first time in its reply brief, the City argues that Plaintiff's § 1981 claim is time-barred. Record Document 8, p. 6. Arguments raised for the first time in a reply brief are waived. Jones v. Cain, 600 F.3d 527, 541 (5th Cir. 2010). Plaintiff has alleged facts to support each element of a claim of race-based failure to promote, and the City's motion to dismiss his § 1981 claim must be denied.

D. State Law Claim

Plaintiff's final claim is breach of contract for failure to enforce the City's anti-discrimination policy, set out in an Executive Order, in violation of Louisiana Civil Code article 1983. The City moved to dismiss this claim, arguing that Plaintiff does not allege how this policy created a contract under Louisiana law. Record Document 5-1, p. 7. Plaintiff responds that the City's Executive Order was an offer to report discrimination and have it investigated, which Plaintiff accepted when he reported discrimination. Record Document 7, p. 14. This is a clever argument, but it rests on no authority. In fact, in Louisiana, employee policies "do not confer any contractual rights upon the employee, unless the parties have so agreed." Amer v. Roberts, 2010-0599, p. 15 (La. 11/9/15); 184 So. 3d 123, 133. Plaintiff has alleged no facts to suggest that he and the City mutually agreed that the Executive Order would operate as a contract between them. Therefore, Plaintiff's breach of contract claim must be dismissed with prejudice.

## III. Conclusion

For the reasons stated above, Defendant's Motion To Dismiss [Record Document 5] is **GRANTED IN PART** and **DENIED IN PART**. The motion is denied with respect to Plaintiff's Title VII, ADEA, and § 1981 claims. The motion is granted with respect to Plaintiff's state law breach of contract claim. Plaintiff's breach of contract claim is **dismissed with prejudice**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this _____ day of January, 2017.

_____
Elizabeth Erny Foote
United States District Judge